plaintiff's land.   A former trial respecting the same land was had, at the April term, 1851, and resulted in a nonsuit. [See the case of *Lessee of Jos. Smith* vs. *Redden & Wootten*, ante., 321.]

After the last trial the parties, who were adjoining land owners, fixed their dividing line by reference, the award directing that the line should be run on the east side of Ranciketum branch, " beginning one pole from said branch," and extending eastwardly, &c., &c.

The case turned upon a construction of this clause of the award.

*Mr. Houston* argued, that although a grant *to* a river goes to the middle of the stream, a grant to a pole from a river, is a pole from the margin of the river ; and that the rule of going to the *middle thread* would not apply to a common branch, which is not a water course, but a swamp, without any distinct thread or running stream.

*The Court* said that " beginning one pole from the branch" must be held to mean one pole from the *middle* of the branch ; in the absence of any contrary purpose or meaning apparent on the award itself.

On this ruling, the defendant had a verdict.

*Saulsbury* and *Houston*, for plaintiff.

*Cullen* and *Cullen*, for defendant.

---

JAMES P. ENNIS and others *vs.* ELIZABETH ENNIS.

Amendment of original writ allowed.

THIS was an action of waste.   The process on which it was commenced was a capias, instead of summons, as provided by *Code*, 293. After a view moved and granted,

*Mr. Robinson*, for the plaintiff, moved to amend the writ, by substituting a summons for a capias which *the court allowed*, though it was resisted by *Mr. Saulsbury*, as in fact originating a suit, which was not now lawfully in court.   The plaintiff had no right to bring defendant here by a capias; he could institute this suit only by summons.

Amendment allowed.

*Robinson*, for plaintiff.

*Saulsbury*, for defendant.